UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW B. WATTS, | Case No. 20-cv-00568-HSG |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| CINDY BLACK, et al., | |
| Respondents. | |

### INTRODUCTION

Petitioner, a civil detainee housed at Napa State Hospital, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his civil commitment. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. He has paid the filing fee. Dkt. No. 1.

### BACKGROUND

According to the petition, petitioner has been housed at Napa State Hospital since 1989 pursuant to a civil commitment.[1] Dkt. No. 1 at 1-2. Petitioner reports that he raised these claims in a habeas petition filed with the California Supreme Court that was denied on August 15, 2018. Dkt. No. 1 at 6, 31.

//

//

//

---

[1] Prior to his civil commitment, petitioner was incarcerated pursuant to a 1983 conviction and sentence from Santa Clara County Superior Court. Dkt. No. 1 at 1.

**DISCUSSION**

**A.  Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

**B.  Petitioner's Claims**

Petitioner alleges the following grounds for federal habeas relief.

First, petitioner alleges that he is not the person convicted of the underlying crimes.  He alleges that he was born Michael Johnson, but changed his name to Andrew Matthew in Utah state courts, and then the United States Marshals changed his name to Andrew Brian Watts, and that the real Andrew Brian Watts was murdered.  Petitioner states that he did not recall the name change until a year ago, and is still uncertain as to when the name change took place.  Petitioner has been unable to obtain proof of the name change despite making FOIA requests to the FBI, the military, and the Social Security Administration.

Second, petitioner alleges there is a conspiracy to prevent him from proving his identity and innocence, and to pressure him to change his testimony regarding what happened to the real Andrew Watts.  He argues that, as part of this conspiracy, Dr. Michael Glasser injected him with cyanide to try to kill him, but instead wiped his memory, and then Dr. Dillon injected him with something else to affect his memory.  He also alleges that Napa State Hospital and the California Department of State Hospitals have participated in this conspiracy by forcing medication, not adhering to their own administrative directives, not allowing him to use the law library, misusing their power, and enforcing or implementing blanket policies forbidding civil detainees from

keeping personal property that do not pose a security problem.

Third, petitioner argues that a prominent unnamed politician and an unnamed Marine General are part of the conspiracy.

Fourth, petitioner argues that the California Court of Appeals, Sixth Appellate District, the Santa Clara County Superior Court, and the United States Supreme Court sealed or redacted records to cover up the truth.

Fifth, petitioner argues that there is video evidence to support all of his claims because he has been in the movie business and videoing his life and because government agencies have had video surveillance warrants on him. He requests that the relevant videos be made available to him.

The Court finds that the petitioner fails to state any cognizable claims for federal habeas relief. Petitioner's claims are palpably incredible, and there is no allegation that his custody is in violation of federal law. Accordingly, this petition is DISMISSED. *See Hendricks*, 908 F.2d at 491 (summary dismissal of habeas petition appropriate where allegations are palpably incredible).

**C.  Certificate of Appealability**

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

**CONCLUSION**

For the foregoing reasons, the petition is DISMISSED and a certificate of appealability is DENIED. The Clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

Dated: 3/9/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

3