UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW B. WATTS,<br><br>    Petitioner,<br><br>v.<br><br>CINDY BLACK, et al.,<br><br>    Respondent. | Case No. 20-cv-00568-HSG<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 15 |

Petitioner, a civil detainee housed at Napa State Hospital, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 9, 2020, the Court dismissed this petition because it failed to state any cognizable claims for federal habeas relief, because petitioner's claims are palpably incredible, and because there was no allegation that his custody is in violation of federal law. Dkt. No. 10. The Court denied a certificate of appealability and entered judgement in favor of respondent. Dkt. Nos. 10, 11. Now pending before the Court is petitioner's request that the Court reconsider its dismissal of the petition. Dkt. No. 15.

**DISCUSSION**

Petitioner argues that reconsideration is appropriate because the Court applied the incorrect standard in dismissing his petition and that he only need satisfy the liberal pleading standard set forth in Fed. R. Civ. P. 8(a); because the events described in the petition violated the law under two legal theories: "(1) a 'hybrid' claim for Champion's breach of the collective bargaining agreement, and the Defendant's breach of its duty of fair representation; and (2) a claim for violation of the Americans with Disabilities Act (ADA).'". Dkt. No. 15 at 3. Petitioner also requests that the Court appoint counsel, arguing that counsel and a bench hearing would assist in demonstrating to the Court that his claims are not palpably incredible. Dkt. No. 15 at 3. Petitioner

1  also alleges that he needs federal subpoenas to get at the truth, to obtain his social security

2  number, to persuade the United States Attorney General to testify, to prove that he is not Andrew

3  Watts, and to access military benefits and accounts that are in trust.

4  The Court has carefully considered petitioner's arguments and find that these claims are also palpably incredible. In addition, the relief sought by petitioner and the causes of action brought by petitioner are not properly brought in a federal habeas petition. A federal habeas petition allows a person confined pursuant to the judgment of a State court to challenge his confinement on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. A federal habeas petition cannot enforce a collective bargaining agreement, or the breach of a duty, or a violation of the ADA. Subpoenas cannot be issued as part of a federal habeas actions and, generally speaking, individuals are not compelled to testify.

In his motion for reconsideration, petitioner still has not alleged a cognizable claim for federal habeas relief. Petitioner alleges that defendants have violated a collective bargaining agreement, and that there has been an ADA violation. Assuming arguendo that such claims are cognizable,[1] these would not be the subject of a federal habeas petition. Petitioner has failed to state any cognizable claims for federal habeas relief. Accordingly, his motion for reconsideration of the dismissal of the petition is DENIED.

**CONCLUSION**

For the reasons set forth below, the Court DENIES the request for reconsideration. This case remains closed.

This order terminates Dkt. No. 15.

**IT IS SO ORDERED.**

Dated: 3/25/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] It is doubtful that such claims are cognizable. It is unclear how the California Attorney General and administrators at Napa State Hospital are liable for Champion's breach of a collective bargaining agreement, or how a breach of a collective bargaining agreement is related to plaintiff's claims. There is no ADA violation for dismissing a petition.